Justice EISMANN,
specially concurring.
I concur in the majority opinion, and write only to point out that Baird followed the wrong procedure in seeking its refund of the transfer fees it paid.
The tax at issue is the transfer fee imposed by the Idaho Petroleum Clean Water Trust Fund Act, I.C. §§ 41-4901 et seq. Those fees were required by statute to be deposited into the Idaho petroleum clean water trust fund.[3] The statute creating the trust fund mandated that a portion of the fees be deposited into the state refund account to pay any claims for a refund of the transfer fees. All refunds of the transfer fees collected under the Act were to be paid from that refund account. The statute provided:
From the receipts of the transfer fee, an amount of money shall be distributed to the state refund account established under section 63-3067, Idaho Code, sufficient to *233 reimburse that account for all refund claims paid from that account. Any refunds due and owing from the commission shall be paid from the state refund account and those moneys are hereby continuously appropriated for that purpose.[4]
As stated in the above-quoted statute, the state refund account is created by Idaho Code § 63-3067. The refund account was “created for the purpose of repaying over-payments, ... and for the purpose of paying any other erroneous receipts illegally assessed or collected, ... and taxes and licenses unjustly assessed, collected or which are excessive in amount.”[5] The statute further provides, “Claims for, and payment of refunds under the provisions of this section shall be made in the same manner as other claims against the state of Idaho.”[6] The manner for making other claims against the state of Idaho is set forth in Idaho Code § 67-1023. It requires presenting the claim to the state controller within two years after the claim accrued. That statute states:
67-1023. Claims against the state.— All persons having claims against the state must exhibit the same, with the evidence in support thereof, to the state controller, to be examined, settled and allowed by the board of examiners, within two (2) years after such claims shall accrue, and not afterward. In all suits brought in behalf of the state, no debt or claim must be allowed against the state as a set-off but such as have been exhibited to the state controller, and allowed or disallowed by the board of examiners except only in cases where it is proved to the satisfaction of the court that the defendant, at the time of the trial, is in possession of vouchers which he could not produce to the state controller, or that he was prevented from exhibiting the claim to the state controller by absence from the state, sickness, or unavoidable accident. No claim which is not provided for by law shall be examined or set off.
Baird did not follow the procedure set forth in Idaho Code § 67-1023 when seeking its claim for a refund of the transfer fees it paid. Therefore, its claim could have been denied for that reason also.
Baird sought its refund pursuant to Idaho Code § 63-2410(4). That subsection provides:
Any licensed distributor paying the gasoline tax and/or aircraft engine fuel tax to the state of Idaho erroneously shall be allowed a credit or refund of the amount of tax paid by him if a written claim for refund is filed with the commission within three (3) years after the date those taxes were paid. Such credit or refund shall include interest at the rate established in section 63-3045, Idaho Code, computed from the date taxes to be refunded or credited were paid to the commission.
It applies only to the gasoline and aircraft engine fuel taxes imposed in Chapter 24 of Title 63, Idaho Code. It does not apply to a refund of the transfer fee imposed by the Idaho Petroleum Clean Water Trust Fund Act.

. Ch. 119, § 1, 1990 Idaho Sess. Laws 266, 276-77 (formerly codified as 41-4909 and now codified as 41-4910).

. Id. (emphasis added).

. I.C. § 63-3067(2)(a).

.Id.